**UNITED STATES of America,
Plaintiff-Appellant,
Cross-Appellee,**

v.

**Joseph R. HENRI; Aletha Henri; Burgess Construction Company; Burgess-Willamette-Western, a joint venture; Walter Novak; and Glacier Timber Corporation, Defendants-Appellees, Cross-Appellants.**

**Nos. 85–3867, 85–3919.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1987.

Decided Sept. 21, 1987.

Larry M. Corcoran and Edward Shawaker, Washington, D.C., for plaintiff-appellant, cross-appellee.

Eugene F. Wiles, Anchorage Alaska, for defendant-appellee, cross-appellant Henri.

Stephen H. Williams, Fairbanks, Alaska, for defendant-appellee, cross-appellant Burgess Constr. Co.

Before WALLACE, FLETCHER and BRUNETTI, Circuit Judges.

### PER CURIAM:

The government appeals from a district court judgment dismissing without prejudice its conversion suit against the Henri's for lack of jurisdiction. The Henri's cross appeal from statements made in the district court's order which they claim are legally erroneous and argue that the government's case should be dismissed with prejudice.

### BACKGROUND

Although this case emerges from a fairly complex background, the facts relevant to this appeal can be stated simply. Henri authorized Burgess Construction Company to remove riprap[1] from his unpatented Alaska mining claim during 1973 and 1974. The Bureau of Land Management (BLM) served Henri with a "Notice of Trespass" in October of 1974 and, in January of 1975, demanded payment of $1,210,272.54 for damage caused by the removal of riprap and timber. In August of 1975, the BLM filed an administrative complaint asserting that the Henri's mining claims should be canceled. These administrative proceedings continue today.

In November of 1977, the United States filed an action against the Henris, Burgess Construction, and others in Alaska district court for conversion and damages based on the removal of riprap and timber. The case was twice dismissed for want of prosecution and subsequently reinstated. Finally, in March of 1985, the district court dismissed the case without prejudice for lack of jurisdiction. The court's decision was based on its finding that resolution of the government's claim would require it to decide issues, which relate to the validity of the Henri's claims, that are pending before the BLM and over which the agency has primary jurisdiction. The United States timely noticed its appeal of this dismissal.

The Henris filed a timely notice of cross appeal. They take issue with the district court's statement in its Memorandum and Order that "even if the Henris' mining claims are valid, their actions can be a wrongful conversion of government property.... As long as the gravel and rock removed from the claim were valuable and locatable minerals, their removal would be illegal and damages available." *United States v. Henri*, No. A77–229 CIV at 3 (D.Alaska March 21, 1985) (memorandum

1. Riprap is "a quantity of broken stone for foundations, revetments or embankments, etc." *Random House dictionary* (1983).

and order). The Henris also contend that the complaint should be dismissed with prejudice for several reasons that the district court found to be without merit.

## DISCUSSION [2]

The validity of the Henris' mining claim was an issue both before the district court and in the administrative proceedings. Invoking the primary jurisdiction doctrine,[3] the Henri's argued below that the district court lacked subject matter jurisdiction over the validity of the claims and should therefore dismiss the case. The district court agreed, and dismissed the case "without prejudice for lack of jurisdiction." *United States v. Henri,* No. A77–229 CIV (D.Alaska March 22, 1985) (judgment).

On appeal, the government does not argue that the primary jurisdiction doctrine was applied erroneously to this case, but rather claims that the district court erred in dismissing, rather than staying, the case based on the doctrine. The district court dismissed apparently because it concluded that where the primary jurisdiction doctrine applies, the court is deprived of subject matter jurisdiction. This conclusion was incorrect. "The doctrine of primary jurisdiction, despite what the term may imply, does not speak to the jurisdictional power of the federal courts." *United States v. Bessemer & Lake Erie R.R.,* 717 F.2d 593, 599 (D.C.Cir.1983) (footnote omitted). Where the doctrine applies, "jurisdic-

tion is not thereby ousted, but only postponed." *United States v. Philadelphia Nat'l Bank,* 374 U.S. 321, 353, 83 S.Ct. 1715, 1736, 10 L.Ed.2d 915 (1963); *see also Casey v. FTC,* 578 F.2d 793, 798 n. 8 (9th Cir.1978).

The question before this court is thus whether the district court's dismissal was permissible in light of the fact that it *did* have subject matter jurisdiction over the case.[4] The procedure that "has generally been followed when the resolution of a claim cognizable in a federal court must await a determination by an administrative agency having primary jurisdiction" is for the district court to stay the proceedings pending agency action. *United States v. Michigan Nat'l Corp.,* 419 U.S. 1, 4–5, 95 S.Ct. 10, 11–12, 42 L.Ed.2d 1 (1974) (per curiam); *see also Farley Transp. Co. v. Santa Fe Transp. Co.,* 778 F.2d 1365, 1370 (9th Cir.1985) ("If the doctrine applies, the judicial process should be *suspended* and the issues referred to the appropriate administrative body....") (emphasis added).

The rule in this Circuit is that "[w]here a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal." *Northern Cal. Dist. Council of Hod Carriers v. Opinski,* 673 F.2d 1074, 1076 (9th Cir.1982). As this rule applies to the

---

**2.** All issues raised in this appeal are questions of law, subject to de novo review. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

**3.** The doctrine of primary jurisdiction
is applicable in federal courts when an action "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." ... Application of the doctrine results in suspension of the judicial process "pending referral of such issues to the administrative body for its views."
*United States v. Yellow Freight Sys.,* 762 F.2d 737, 739 (9th Cir.1985) (citations omitted) (quoting *United States v. Western Pac. R.R.,* 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956)).

**4.** Appellees argue that, because the government did not urge the district court to stay rather than dismiss the action, it should not be permit-

ted to argue the point here. The government's argument below was essentially that the district court *did* have jurisdiction. This argument was an appropriate response to the Henri's assertion that the primary jurisdiction doctrine required dismissal for lack of jurisdiction. The government's argument was correct; the district court dismissed based on an erroneous legal premise. Had the district court accepted the applicability of the primary jurisdiction doctrine, but done so with the recognition that it is not, in fact, a jurisdictional rule, it may well have followed the standard procedure of entering a stay rather than ordering dismissal. The government should not be penalized for its failure to raise the issue below because it only became an issue as a result of the district court's belief that the primary jurisdiction doctrine ousted its jurisdiction and so required dismissal.

circumstances of this case, "[t]he district court exceeded its authority ... when it dismissed without prejudice." *Id.*

Because the district court should have entered a stay and will do so on remand, the Henri's cross appeal must be dismissed for lack of a final, appealable order. 28 U.S.C. § 1291; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 934 n. 11, 74 L.Ed.2d 765 (1983) (stating that a stay is generally not a final decision for purposes of 28 U.S.C. section 1291); *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434 (9th Cir. 1983) (same).

## CONCLUSION

The judgment of the district court dismissing this action is vacated, and the case is remanded for the district court to enter a stay pending termination of the administrative proceedings. The Henri's cross appeal is dismissed.