Thomas SHANNON, Plaintiff–Appellee,

v.

JACK ECKERD CORPORATION, a Delaware Corporation, Defendant–Appellant, Third Party Plaintiff,

v.

COST CARE, INC., a California Corporation, Third Party Defendant.

No. 93–4409.

United States Court of Appeals, Eleventh Circuit.

June 16, 1995.

**562**

Susan L. Dolin, Muchnick, Wasserman & Dolin, Hollywood, FL, for appellant.

Edward A. Perse, Arnold R. Ginsberg, Perse, P.A. & Ginsberg, P.A. and Ratiner & Glinn, P.A., Miami, FL, for appellee.

Before TJOFLAT, Chief Judge, COX, Circuit Judge, and DYER, Senior Circuit Judge.

PER CURIAM:

Appellee Thomas Shannon ("Shannon") filed this action after Appellant Jack Eckerd Corporation ("Eckerd") denied his request for pre-authorization of benefits under a health plan governed by the Employee Retirement Income Security Act ("ERISA").[1] After a bench trial, the district court found that the Plan Administrator's denial of benefits was arbitrary and capricious and remanded the matter to the Plan Administrator for a new determination based on evidence available at the time of remand. Eckerd appeals, contending that the district court erred in several ways. We dismiss the appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

Shannon suffers from long-term diabetes mellitus Type I. As a result of his condition, Shannon has developed severe renal disease and experienced kidney failure. Due to these complications, Shannon's doctor advised Shannon to undergo a kidney transplant. After further consultation with other physicians, Shannon decided to undergo a simultaneous kidney/pancreas transplant at the University of Minnesota.

The University of Minnesota requires either advance payment or verification of insurance coverage before a patient can be placed on the cadaveric pancreas transplant list. Accordingly, Shannon's surgeon requested pre-authorization of benefits for the procedure from the Jack Eckerd Corporation Health Benefits Plan ("the Plan"). Shannon is a beneficiary of the Plan, which is a self-funded group employee health benefits plan governed by ERISA. At the time Shannon sought benefits for his transplant, the Plan excluded coverage for experimental or investigational human organ transplants.

In an effort to determine whether the pancreas portion of the transplant was included in the coverage, a medical review consultant employed by the Plan sought additional information from Shannon's surgeon. She also sought clinical input from the Plan's medical consultant, Cost Care, Inc. Ultimately, the Plan Administrator informed Shannon and his surgeon that although the Plan would cover expenses associated with the kidney transplant, it could not cover expenses associated with the pancreas transplant because it was medically experimental or investigational. Shannon's surgeon filed a formal appeal but the Plan Administrator continued to deny coverage for the pancreas portion of the transplant.

Shannon went forward with the transplant using other funding, but the pancreas graft failed. Shannon then filed this suit to recover benefits denied by the Plan Administrator. He also sought to "clarify his right" to future benefits covering a second pancreas transplant. After a bench trial, the district court found that the Plan Administrator had failed to consider all of the relevant evidence available at the time she made her determination and concluded that this failure rendered the Plan Administrator's denial of benefits for the pancreas portion of the transplant arbitrary and capricious. The district court remanded the matter to the Plan Administrator for a new determination based upon all the relevant evidence available up to the date of the new determination. Also, the district court determined that Shannon's request for a declaration of his right to future benefits was premature because he had not filed a claim with the Plan and therefore had not exhausted his administrative remedies. Subsequently, the district court amended its remand order to provide that it retains jurisdiction over the action with regard to the Plan Administrator's decision on remand and

---

1. 29 U.S.C. §§ 1001–1461 (1993).

Shannon's Motion for Attorney's Fees, Costs, and Pre–Judgment Interest.

Eckerd appeals the district court's remand order, contending that the district court erred in denying Eckerd's motion for summary judgment and in finding the Plan Administrator's denial of benefits to be arbitrary and capricious. Eckerd also contends that the district court erred in directing the Plan Administrator to consider evidence available up to the date of the new determination.

## DISCUSSION

Before the parties filed their appellate briefs, this court raised *sua sponte* the issue whether this court has jurisdiction.[2] Eckerd contends that the remand order is a final decision of the district court and that we have jurisdiction pursuant to 28 U.S.C. § 1291. Alternately, Eckerd contends that if the remand order is not final, it is reviewable under the collateral order doctrine.

■ "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Furthermore, a district court order is not final and, therefore, is not appealable pursuant to section 1291 if it does not dispose of all of the plaintiff's prayers for relief. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–44, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976).

■ Here, the district court's remand order does not meet either definition of final judgment. First, the remand order did not end the litigation on the merits. There has been no final determination as to Shannon's eligibility for benefits for the pancreas transplant. By remanding and retaining jurisdiction, the district court has indicated that

further action is required. "Because the purpose of a remand order is to continue litigation rather than terminate it, such orders cannot reasonably be construed as terminating litigation on the issues remanded." *Druid Hills Civic Ass'n v. Federal Highway Admin.*, 833 F.2d 1545, 1549 (11th Cir.1987), *cert. denied*, 488 U.S. 819, 109 S.Ct. 60, 102 L.Ed.2d 38 (1988); *see Huie v. Bowen*, 788 F.2d 698, 701 (11th Cir.1986); *Jordan v. Heckler*, 721 F.2d 349 (11th Cir.1983); *Biddle v. Heckler*, 721 F.2d 1321 (11th Cir.1983); *Howell v. Schweiker*, 699 F.2d 524, 526 (11th Cir.1983).

Second, Shannon filed this action seeking relief in the form of benefits and a declaration that he is entitled to future benefits. The district court has not disposed of all of Shannon's prayers for relief. Although the district court disposed of Shannon's request for a declaration of his rights to future benefits, the district court has neither awarded nor denied benefits for the completed pancreas transplant. Therefore we hold that the district court's remand order is not a final decision that Eckerd may appeal pursuant to section 1291.

■ Eckerd also contends that even if the remand order is nonfinal, it is reviewable pursuant to the collateral order doctrine. In order to fall within the collateral order exception to the finality rule, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458. We disagree with Eckerd's assertion that the collateral order doctrine applies to this case. The district court's decision to remand is not completely separate, but rather inextricably intertwined with the merits of Shannon's eligibility for benefits. Furthermore, the district court's remand order will remain subject to review after a final judgment is rendered. Thus, we hold that the district court's re-

---

**2.** After this court raised this question, Shannon filed a motion to dismiss the appeal for lack of jurisdiction. The motions panel denied the motion, holding that the district court's remand

order is appealable under the collateral order doctrine. We are not bound by the ruling of the motions panel on the motion to dismiss. 11th Cir. R. 27–1(f).

mand order does not fall within the collateral order exception to the finality rule.

## CONCLUSION

The district court's remand order is not final because it neither disposes of all Shannon's requests for relief nor ends the litigation on the merits. Furthermore, the collateral order exception to the finality rule does not apply to the remand order at issue. Therefore, we have no appellate jurisdiction.[3]

DISMISSED FOR WANT OF JURISDICTION.

---

**3.** The appellee's motion for attorney's fees is     dismissed for lack of jurisdiction.