Isadora SHAPIRO, By and Through her parents Gary and Laurie SHAPIRO, Plaintiff–Appellee, Cross–Appellant,

v.

PARADISE VALLEY UNIFIED SCHOOL DISTRICT NO. 69, Defendant–Appellant, Cross–Appellee.

Nos. 97–15814, 97–15875.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 1998.

Decided Aug. 19, 1998.

As Amended Aug. 31, 1998.

Stephen Walker, Beachwood, Ohio, for plaintiff-appellee-cross-appellant.

Robert D. Haws and Gary L. Lassen, Jennings, Strouss & Salmon, Phoenix, Arizona, for defendant-appellant-cross-appellee.

Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.

## PER CURIAM.

Isadora ("Dorie") Shapiro, a hearing-impaired child, by and through her parents, Gary and Laurie Shapiro, filed suit against Paradise Valley Unified School District, alleging that the District failed to provide her with a "free appropriate public education" as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq. Dorie sought reimbursement under the Act for the fees and expenses paid to enroll her at a specialized private school pending the resolution of administrative due process hearings regarding the district's compliance with the Act. She had attended the private school for the preceding three years under a grant the school provided. The grant was not available, however, for the year at issue. The district court ruled in Dorie's favor on her claim that the District violated the IDEA, but remanded the proceedings to the administrative officer with instructions to determine whether the specialized private school provided an "appropriate" education. When the district court entered the remand order, it also "terminated" the action. The District appealed the district court's decision that it failed to comply with the IDEA, and Dorie cross-appealed the order remanding the question of the appropriateness of the education provided by her private school, as well as some of the claims decided against her.

 Because we conclude that the district court exceeded its authority in terminating the action when it remanded for further proceedings, we vacate the termination order and remand for entry of a stay. "The rule in this Circuit is that where a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal." *United States v. Henri,* 828 F.2d 526, 529 (9th Cir.1987) (per curiam) (internal quotations and citations omitted). Here, the district court remanded the case to the due process hearing officer for a decision as to the appropriateness of Dorie's specialized private education. The hearing officer's ruling will determine whether she is entitled to reimbursement from the District for the school year at issue. Rather than staying the proceedings while the hearing officer makes the requisite additional findings, however, the court terminated the action. In so doing, the district court exceeded its authority. "Because the district court should have entered a stay," the defendant's appeal and the Shapiros' cross-appeal "must be dismissed for lack of a final, appealable order." *Id.* at 529 (citing *Moses H. Cone Memorial*

*Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (stating that a stay is generally not a final decision for purposes of 28 U.S.C. § 1291)). Until the administrative proceedings are completed, the district court will not have before it all the issues that are necessary for it to render a final judgment.

 Finally, while there are unusual circumstances in which we treat a remand order as final for the purposes of appeal, *see Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir.1990), this case does not meet the test for doing so. Here, appellate review would not be foreclosed to any party if an immediate appeal were not allowed. *See id.* (noting that one of the requirements for treating a remand order as final is that review would be foreclosed if "an immediate appeal were unavailable").

There being no valid final district court order, the issues appealed by the parties are not properly before us. Accordingly, we vacate the district court's order terminating the action, and remand for entry of a stay pending a final determination by the hearing officer.

VACATED and REMANDED.