[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14857

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-01076-HLA-JBT

CHERYL G. YOUNG,

Plaintiff-Appellee,

versus

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
LONG TERM DISABILITY OF GROUP POLICY NO. 95497
ISSUED TO FLORIDA COASTAL SCHOOL OF LAW BY
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 21, 2012)

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

        We raised earlier a question about our appellate jurisdiction in this case. No

party had raised this issue, but we must raise it *sua sponte*. *Shannon v. Jack Eckerd*

*Corp.*, 55 F.3d 561, 563 (11th Cir. 1995). We invited the parties to submit supplemental briefs. They have done so. After reviewing these submissions, we conclude that the district court's order granting the Plaintiff, Cheryl G. Young, partial summary judgment, and remanding the case to the plan administrator, the Prudential Insurance Company of America, for further proceedings, is not a final decision under 28 U.S.C. § 1291. Nor is that order appealable under the collateral order doctrine. Thus, we lack jurisdiction to hear this appeal.

## I. BACKGROUND

Young was employed as a law professor by the Florida Coastal School of Law. During that time, the law school had a group long-term disability insurance plan ("the Plan") with Prudential.

Young has multiple sclerosis. She contends that complications from this disease have made her unable to work. In 2006, she submitted a claim for long-term disability benefits under the Plan. Prudential denied her claim. Young pursued an administrative appeal, which Prudential also denied. Young then sought review in the district court. Upon the parties' cross motions for summary judgment (Dkt. 15, 21, 22, 32, 33, & 34), the district court entered partial summary judgment for Young on some issues and remanded the case to Prudential to decide in the first instance whether Young was disabled. (Dkt. 39.) The district court's order said, "Plaintiff's

2

Motion for Summary Judgment (Dkt. 15) is **GRANTED in part** as discussed in this Order. The clerk is directed to enter Judgment in favor [of] Plaintiff and against the Defendant. This case is closed; all pending motions are moot." (Dkt. 39 at 16.) The clerk entered what purported to be a final judgment. (Dkt. 40.) It provided: "This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered. **IT IS ORDERED AND ADJUDGED** that the defendant . . . take nothing, that the action be dismissed on the merits, and that judgment be entered in favor of Plaintiff." (Dkt. 40.) Prudential appealed, asserting jurisdiction under 28 U.S.C. § 1291.[1] After Prudential initiated this appeal, it acted on the district court's remand order (in its capacity as plan administrator) and determined that Young was disabled.

---

[1] Prudential raised the following issues on appeal. It contends: (1) the district court improperly analyzed Young's claim under the de novo standard of review rather than the arbitrary and capricious standard; (2) the district court improperly considered evidence outside the administrative record in deciding that Prudential's decision was de novo wrong; (3) the district court erred in deciding that an amendment to the Plan limiting coverage was invalid; (4) the district court erred in deciding that Young was covered under the Plan when Prudential had not developed the administrative record on whether Young met the requirements for coverage; and (5) the district court erred in deciding that Young's claim was timely submitted when she submitted the claim almost a year after her claimed date of disability.

## II. DISCUSSION

A. Final Decision under 28 U.S.C. § 1291

Section 1291 provides: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A final decision is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945).

In *Shannon v. Jack Eckerd Corp.*, we considered whether a district court's order remanding an ERISA benefits claim to a plan administrator is a final decision under § 1291. 55 F.3d 561 (11th Cir. 1995). In that case, the plaintiff needed a pancreas transplant. The plan administrator decided that the transplant was an experimental procedure not covered by the plan, and denied benefits. The plaintiff sought review in the district court, and the court determined that the plan administrator had failed to consider all relevant evidence, making its denial arbitrary and capricious. The district court remanded the action to the plan administrator for a new determination in light of all the evidence. The plan administrator immediately appealed the district court's decision to remand. We dismissed that appeal for want of jurisdiction. *Shannon*, 55 F.3d at 564. We held that the district court's remand order was not a final judgment for two reasons. First, it did not end the litigation on

the merits. We said that "[b]ecause the purpose of a remand order is to continue litigation rather than terminate it, such orders cannot reasonably be construed as terminating litigation on the issues remanded." *Id.* at 563 (quoting *Druid Hills Civic Ass'n v. Fed. Highway Admin.*, 833 F.2d 1545, 1549 (11th Cir. 1987). Second, the order did not award or deny benefits. *Id.* Thus, the order had not left the court with "nothing . . . to do but execute the judgment." *Id.*

Prudential contends that *Shannon* is distinguishable because, in *Shannon*, the district court explicitly retained jurisdiction. But, in evaluating whether a district court's order is final and appealable, we look to the substance of the order—not the label. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010). Here, the district court, in form, ordered the case closed and directed the clerk to enter judgment for Young. The clerk did enter what purported to be a final judgment; it "dismissed [the case] on the merits." But, in substance, the district court's order did not end Young's case and left unresolved her entitlement to benefits under the Plan. Therefore, we hold that the district court's order in this case is not a final, appealable decision under § 1291.

Our holding is consistent with the position of several other circuits considering this issue. *See Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1161 (10th Cir. 2007); *Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund*, 425 F.3d

5

1087, 1091 (8th Cir. 2005); *Petralia v. AT&T Global Info. Solutions Co.*, 114 F.3d 352, 354–55 (1st Cir. 1997).

Prudential contends that, if it cannot immediately appeal the district court's partial summary judgment and remand order, it might be precluded from obtaining judicial review of that order or any future determination of Young's entitlement to benefits. The First Circuit addressed a similar concern in *Petralia v. AT&T Global Information Solutions Co.*, saying:

> Ordinarily implicit in a district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action. To avoid any misunderstanding that might otherwise occur, we state that we interpret the order of the district court in this case as having retained jurisdiction, in this sense, to hear and decide any timely motion for judicial review filed after further proceedings before the plan fiduciary. This is so regardless of whether the case is formally held open or instead administratively closed on the district court docket in the meantime.

114 F.3d at 354; *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 537 (6th Cir. 2004) (adopting this position). We agree with the First and Sixth Circuits. We hold that the district court retains jurisdiction in this case because no final decision has been made. Prudential may, therefore, following entry of a final decision in this case, request review of the partial summary judgment and remand

6

order which it now seeks to review as well as any final judgment entered by the district court following the plan administrator's decision on remand.

## B.  Collateral Order Doctrine

A court of appeals may also exercise jurisdiction over the collateral final orders of the district courts.  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S. Ct. 1221, 1225–26 (1949).  To qualify for this exception, an order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."  *Shannon*, 55 F.3d at 563 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458 (1978)).  Here, the district court's order resolved some issues but left others undecided.  The court's order is not collateral; the issues in the district court's order involve the merits of Young's claim.  Prudential is not precluded from obtaining review of the court's partial summary judgment and remand order in this case following the entry of final judgment.  Thus, the collateral order doctrine does not apply in this case.

## III.  CONCLUSION

The district court's remand order was not a final order under §1291.  Nor is it a collateral final order.  For these reasons, we lack jurisdiction to hear this appeal.  This appeal is dismissed for want of jurisdiction.  To be clear, Prudential is not

precluded from seeking review of the district court's partial summary judgment and remand order (and any other ruling subject to review following a final decision) once the district court's decision becomes final.

DISMISSED FOR WANT OF JURISDICTION.