**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

J. L., by his Mother N.L.,

        Plaintiff - Appellee,

  v.

DOWNEY UNIFIED SCHOOL
DISTRICT,

        Defendant - Appellant.

No. 12-57053

D.C. No. 2:12-cv-02285-GW-SS

ORDER[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 10, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

    Downey Unified School District (School District) appeals from a district

court order remanding to the California Office of Administrative Hearings for

further factual findings and legal conclusions. Because the School District appeals

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

from a non-final order to which none of the exceptions to the final judgment rule apply, we lack jurisdiction. Accordingly, we dismiss this appeal.

Ordinarily, a district court order remanding to a state agency for further factual determinations is not a final decision for purposes of appellate jurisdiction. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 152 F.3d 1159, 1161 (9th Cir. 1998) (noting that a remand order is treated as a final order only in "unusual circumstances"). The parties assert that appellate jurisdiction is proper under the practical finality doctrine of *Gillespie v. United States Steel Corp.*, 379 U.S. 148 (1964). Under that doctrine *all* of the following factors must be satisfied: (1) the order being appealed is a "marginally final" order (2) that "disposed of an unsettled issue of national significance"; (3) review will implement the same policy Congress sought to promote in § 1292(b); (4) the finality issue was presented to the appellate court before the court and parties analyzed the merits; and (5) the exercise of jurisdiction does not extend *Gillespie* "beyond the unique facts of that case." *C.I.R. v. JT USA, LP*, 630 F.3d 1167, 1171 (9th Cir. 2011). The facts presented in this case do not fall within the narrow purview of *Gillespie*.

**APPEAL DISMISSED**. The Panel retains this case for consideration of any future appeals.