NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D.O., By and Through His Guardian Ad Litem Sonya Walker, <br><br>      Plaintiff-Appellee, <br><br>   v. <br><br> ESCONDIDO UNION SCHOOL DISTRICT, <br><br>      Defendant-Appellant. | No.   19-56043 <br><br> D.C. No. <br> 3:17-cv-02400-BEN-MDD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 1, 2021
Pasadena, California

Before: SILER,[**] HURWITZ, and COLLINS, Circuit Judges.

D.O. filed a complaint with the California Office of Administrative Hearings

("OAH") alleging that Escondido Union School District (the "District") violated the

Individuals with Disabilities Education Act ("IDEA") by denying him a free

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

appropriate public education ("FAPE"). He argued, *inter alia*, that by waiting four months to assess him for autism after being notified of his potential disability, the District committed a "procedural violation" resulting in the denial of a FAPE. 20 U.S.C. § 1415(f)(3)(E)(ii); *see also* Cal. Educ. Code § 56043(a) ("A proposed assessment plan shall be developed within 15 calendar days of referral for assessment . . . ."). An OAH administrative law judge ("ALJ") dismissed D.O.'s claims; D.O. then appealed to the district court.

The district court granted summary judgment to D.O. on the timely assessment issue on December 18, 2018 (the "December 18 order"). That order remanded the case to OAH without instructions, staying further district court proceedings. Before the ALJ, D.O. sought reimbursement for amounts paid to a psychologist for an independent autism assessment and an order that the District implement training about the statutory obligation to timely assess potentially disabled students. After an evidentiary hearing, the ALJ ordered only reimbursement. Neither party sought review of the OAH decision in the district court. Instead, the District filed a notice of appeal of the December 18 order, asserting that the OAH decision transformed that order into a final judgment under 28 U.S.C. § 1291.

This Court then issued an order to show cause, asking the parties to address whether the December 18 order was a final judgment. The District again asserted

that the December 18 order became final after the OAH decision on remand. After taking judicial notice of the December 18 order and the intervening administrative decision, the Court ordered the parties to address jurisdiction in their merits briefing. D.O. then filed a motion to dismiss for lack of jurisdiction. The Court denied the motion without prejudice to renewal in D.O.'s answering brief.

Having now considered the parties' briefing concerning jurisdiction, we dismiss the appeal.

1. This Court has "jurisdiction [under § 1291] only over appeals from final orders." *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990). The December 2018 order was not a final judgment when entered. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 152 F.3d 1159, 1161 (9th Cir. 1998) (order remanding IDEA case to hearing officer is not an appealable final judgment). We have recognized, however, that a district court remand that only requires an agency to undertake "ministerial" actions might constitute a final judgment that disposes of the case. *See Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1148 (9th Cir. 2003). But the determination of an IDEA remedy is plainly not ministerial; rather, it is a fact-specific inquiry requiring careful analysis of the evidence. *See Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369-70 (1985).

Even when a remand order does not dispose of the entire case, we nonetheless have allowed an immediate appeal when "(1) the district court conclusively resolves

3

a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable." *Chugach Alaska Corp.*, 915 F.2d at 457. All three criteria must be satisfied. *See Alsea Valley All. v. Dep't of Com.*, 358 F.3d 1181, 1184 (9th Cir. 2004). The parties vigorously debate whether the December 2018 order would have been immediately appealable under this exception. We need not resolve this issue because, even assuming that the remand order was immediately appealable, the District retained the right to appeal the order *after* entry of a subsequent final judgment. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1183 (9th Cir. 2013). This circuit has repeatedly held that while parties *may* immediately appeal an otherwise non-final order under the collateral order doctrine, they are not *required* to do so. *See id.; see also Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1401 (9th Cir. 1997). The "[c]ollateral-order doctrine creates an opportunity, not a trap." Charles Alan Wright et al., Federal Practice and Procedure § 3914.32 (2d ed. Supp. 2020).

2. The ALJ's decision to focus the remand hearing solely on remedy did not somehow render the district court's order final. Nor was the December 18 order transformed into a final order by the OAH decision on remand. The OAH decision does not by itself automatically create a final judgment in the district court; rather, the parties must return to that court so that it will "have before it all the issues that

4

are necessary for it to render a final judgment." *Shapiro*, 152 F.3d at 1160.  But until that happens, this Court lacks jurisdiction under § 1291 to hear the appeal.

**APPEAL DISMISSED**.[1]

---

[1]    The District's request for judicial notice, **Dkt. 56**, and its motion to supplement the record, **Dkt. 15**, are **GRANTED**.  D.O.'s motion to supplement the record, **Dkt. 25**, is also **GRANTED**.