[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11048

_____

S.S.,
by and through A.S.,

Plaintiff-Appellee,

*versus*

COBB COUNTY SCHOOL DISTRICT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-00313-JPB

_____

Before GRANT, LUCK, and HULL, Circuit Judges.

LUCK, Circuit Judge:

Where a district court remands a case to an administrative agency for further proceedings, the general rule is that we don't have appellate jurisdiction to review the remand order because it is not "final" under 28 U.S.C. section 1291. The issue here is whether the general rule applies to a district court's order remanding an Individuals with Disabilities Education Act claim to a state administrative agency for a due process hearing. We conclude that it does. Because the district court's remand order was not a final order under section 1291, we lack appellate jurisdiction to review it. The appeal must be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

S.S. was a student in the Cobb County School District. At a young age she was diagnosed with cerebral palsy, and as a result, she has received special education services under the Act beginning in 2000. Over the years, as required by the Act, the school district developed individualized education plans for S.S. But S.S. made little educational progress. In 2015, S.S.'s parents challenged the adequacy of the individualized educational plans. S.S.'s parents fought the school district for two years, and eventually filed an administrative complaint requesting a due process hearing under the Act with the Georgia Office of State Administrative Hearings.

In the administrative complaint, S.S. alleged that the school district failed to provide her a free and appropriate public education under the Act.  She alleged that the school district's program "was not appropriate and was not implemented using appropriate re-search-based special education instruction, related services, and supplemental services, modifications, accommodations[,] []or any adequate educational supports."  S.S. alleged that the program failed to "properly or timely evaluate" her "in all areas of suspected disability" and that, as a result, the school district "failed to provide adequate instruction, supports[,] and related services."  S.S. alleged that an independent evaluator had "conducted a functional evaluation and made suggestions of added goals," but that the school district "rejected many of the proposed goals" "without any justification."  And she alleged that the school district failed to "create an educational plan" for her "that confer[red] upon her any meaningful educational benefit" in light of her disability and also failed to "meet or use" the Act's "criteria for placement."

The school district moved for summary determination of the administrative complaint because S.S. presented "no genuine issue of material fact."  Under Georgia law, a "summary determination" is "similar to a summary judgment."  *Piedmont Healthcare, Inc. v. Ga. Dep't of Hum. Res.*, 638 S.E.2d 447, 449 (Ga. Ct. App. 2006) ("The . . . regulation provides that a party may move for a summary adjudication, similar to a summary judgment, 'on the basis that there is no genuine issue of material fact for determination.'" (quoting Ga. Comp. R. & Regs. 616-1-2-.15(1))).

According to the school district, the undisputed record showed that it provided S.S. a free and appropriate public education and placed, identified, and evaluated S.S. as required by the Act.

The administrative law judge agreed with the school district and granted summary determination, denying S.S.'s request for a due process hearing. The administrative law judge explained that summary determination was appropriate where there was "no genuine issue of material fact such that the moving party [was] entitled to a judgment as a matter of law on the facts established." The administrative law judge concluded that: (1) there was no evidence that the school district failed to provide S.S. a free and appropriate public education before 2016; (2) S.S.'s individualized education plan for the 2016 school year was "reasonably calculated" to enable S.S. "to receive educational benefit" because the plan included "measurable goals"; (3) there was no evidence that S.S.'s placement was "inappropriate" in light of her disability; (4) the school district properly "recognized" S.S.'s disability "as being more severe than S.S.'s parents believed"; and (5) the school district properly evaluated S.S. and was not required to "adopt every suggestion made by an independent evaluator."

S.S. challenged the administrative law judge's decision in the Northern District of Georgia. She alleged that the administrative law judge erred in denying S.S. a due process hearing and "finding that no genuine issues of material fact [we]re in dispute." S.S. alleged that the administrative law judge erred in concluding that the school district complied with the Act and provided her a free and

appropriate public education.  And she alleged that the school district failed to provide her "appropriate educational services and instruction" and that the "minimal instruction provided to S.S. was not tailored to meet S.S.'s unique needs."

The school district moved for summary judgment, arguing that S.S. could "point to no evidence demonstrating a genuine dispute as to any material fact."  The school district argued that it provided S.S. with a free and appropriate public education "at all times" through individualized educational plans that were "reasonably calculated to enable S.S. to make academic progress and receive educational benefit."  And the school district argued that it "appropriately placed S.S.," "appropriately identified S.S. as a student with a disability," and "appropriately evaluated S.S." under the Act.

The district court denied the school district's motion for summary judgment and remanded to the administrative law judge for a due process hearing.  The district court found two "readily apparent" genuine issues of material fact as to whether S.S.'s individualized education plan provided her a free and appropriate public education.  First, the parties disputed whether S.S.'s individualized education plan "should have included a provision that S.S. be assigned a paraprofessional to work exclusively with her."  This was a genuine issue of material fact, the district court explained, because the school district provided an affidavit from the assistant director of special education explaining that "S.S. d[id] not need an assigned paraprofessional because her assigned class [wa]s small,"

while S.S. presented expert testimony that "S.S. would not progress unless she was assigned a paraprofessional." Second, the parties disputed whether the goals in S.S.'s individualized education plan were "appropriately ambitious." This was a genuine issue of material fact, the district court explained, because the assistant director "opined . . . that they were appropriate," but S.S.'s expert "detailed why the [individualized education plan] goals were inadequate."

Because "the parties submitted competing evidence" as to whether S.S's individualized education plan was "reasonable and appropriately ambitious," the district court determined "that summary determination at the administrative level without a due process hearing was improper." The district court concluded that remand for a due process hearing was "the most appropriate remedy" because S.S.'s due process complaint was "dismissed without an evidentiary hearing and the reviewing court lack[ed] findings and conclusions on the merits." The district court noted that "[a]ny party aggrieved by the decision of the [administrative law judge] on remand shall have the opportunity to appeal that decision in a civil action" and closed the case.

The school district appealed the district court's remand order.

## DISCUSSION

S.S. moves to dismiss the appeal for lack of appellate jurisdiction, arguing that the district court's remand order was not a

"final decision" under 28 U.S.C. section 1291. S.S. contends that the district court "did not conclusively resolve any issue" or "dispose[] of the parties' prayers for relief"; that the litigation "has not ended"; and that, "in fact, the [d]istrict [c]ourt's order . . . continue[d] the litigation." "[T]he remand of a case for an evidentiary hearing," argues S.S., "is not a final decision." "Before reaching the merits, we must consider our own jurisdiction . . . ." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020).

Under section 1291, we "have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. So, to be appealable, a district court order "must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000).

"A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quotation omitted). "[A]n order that contemplates further substantive proceedings in a case is not final and appealable." *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018). "Furthermore, a district court order is not final and, therefore, is not appealable pursuant to section 1291 if it does not dispose of all of the plaintiff's prayers for relief." *Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563 (11th Cir. 1995). The "label" used by the district court "cannot control [an] order's appealability." *Sullivan v. Finkelstein*, 496 U.S. 617, 628 n.7 (1990). So we do not have appellate

jurisdiction over "a nonappealable interlocutory order," even when the district court labels the order "a 'final judgment.'" *Id.*

"As a general rule, remand orders from district courts to administrative agencies are not final and appealable." *Fla. Wildlife Fed'n, Inc. v. Adm'r, U.S. Env't Prot. Agency*, 737 F.3d 689, 693 (11th Cir. 2013) (quotation omitted). In *Florida Wildlife Federation*, we concluded that the district court "issued no final judgment" where it "remanded part of the case" to the Environmental Protection Agency "for further rulemaking." *Id.* We explained, "Appellate jurisdiction depends on the existence of a final trial court judgment that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 692 (quotation omitted). Because the remand order didn't end the case on the merits, and there was more to be done after the remand, "the judgment [was] not final and thus we lack[ed] appellate jurisdiction over any part of the consolidated case." *Id.* at 693.

In *Shannon*, we applied the general rule where the district court, after concluding that a denial of benefits under the Employee Retirement Income Security Act was "arbitrary and capricious," remanded to the plan administrator "for a new determination based on evidence available at the time of remand." 55 F.3d at 562. There, we determined that the district court's order was not a "final judgment" under section 1291 because "the remand order did not end the litigation on the merits" and the district court had "not disposed of all [the plaintiff's] prayers for relief." *Id.* at 563. "By remanding and retaining jurisdiction, the district court . . .

indicated that further action [wa]s required," we explained. *Id.* We said, "Because the purpose of a remand order is to continue litigation rather than terminate it, such orders cannot reasonably be construed as terminating litigation on the issues remanded." *Id.* (quotation omitted).

We came to a similar conclusion in *Young v. Prudential Insurance Co. of America*, where "the district court entered partial summary judgment for [the plaintiff] on some issues and remanded the case to [the disability plan administrator] to decide in the first instance whether [the plaintiff] was disabled." 671 F.3d 1213, 1214 (11th Cir. 2012). The plaintiff sought the district court's review of her administrative appeal denying her claim for long-term disability benefits. *Id.* After granting partial summary judgment and remanding the case, "the district court, in form, ordered the case closed and directed the clerk to enter judgment for [the plaintiff]. The clerk did enter what purported to be a final judgment; it 'dismissed [the case] on the merits.'" *Id.* at 1215 (second alteration in original). But we found that, "in substance, the district court's order did not end [the plaintiff]'s case and left unresolved her entitlement to benefits under the [p]lan." *Id.* We concluded that the district court's order was "not a final, appealable decision under [section] 1291." *Id.* at 1216.

The general rule applies to this case, as well. The district court's order remanding to the administrative law judge for further proceedings under the Act was not a final and appealable decision. The district court did not decide the merits, let alone "end[] the

litigation on the merits" or "leave[] nothing for the court to do but execute the judgment." *See CSX*, 235 F.3d at 1327 (quotation omitted). To the contrary, the district court explained, "Without fully developed evidence, this [c]ourt cannot say whether S.S.'s [individualized education plan] was or was not reasonably calculated to provide her with a [free and appropriate public education]." The remand order did not determine whether the school district failed to provide S.S. a free and appropriate public education under the Act or "dispose" of any of S.S.'s "prayers for relief." *See Shannon*, 55 F.3d at 563.

And the district court "contemplate[d] further substantive proceedings," *see Freyre*, 910 F.3d at 1377 (quotation omitted), concluding that "remand [wa]s the most appropriate remedy" because S.S.'s "due process complaint [wa]s dismissed without an evidentiary hearing and the reviewing court lack[ed] findings and conclusions on the merits of [S.S.'s] claims." The district court even noted that "[a]ny party aggrieved by the decision of the [administrative law judge] on remand [would] have the opportunity to appeal that decision in a civil action." Because S.S. or the school district "might seek review of the [administrative law judge]'s remedy determinations in [the] district court, the district court did not make a final decision" when it remanded the case. *See C.W. ex rel. B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1222 (10th Cir. 2021). That the district court closed the case does not control our determination. *See Sullivan*, 496 U.S. at 628 n.7.

Our conclusion is consistent with the decisions of other circuits. *See, e.g.*, *C.W.*, 994 F.3d at 1222; *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 152 F.3d 1159, 1160 (9th Cir. 1998).[1]  For example, in *C.W.*, the Tenth Circuit determined that the case "implicate[d] the 'administrative remand rule[,]' . . . . provid[ing] that a district court's order remanding 'to an administrative agency for further proceedings is ordinarily not appealable because it is not a final decision.'"  994 F.3d at 1220 (footnote omitted).  There, the plaintiff "sought and received a due process hearing with a state administrative law judge" under the Act, and the plaintiff challenged the administrative law judge's decision in the district court.  *Id.* at 1218–19.  The district court "ruled partly in favor" of the plaintiff "and partly against him," remanded to the administrative law judge "for further proceedings," and "entered what it labeled a 'Final Judgment.'"  *Id.* at 1219.

But, the Tenth Circuit explained, the district court "never entered a final decision."  *Id.* at 1222.  The district court remanded

---

[1]  *Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106 (2d Cir. 2008) is not to the contrary.  In *Somoza*, the Second Circuit reviewed the district court's preliminary injunction ordering the department of education to fund the plaintiff's public education while the administrative proceedings were pending.  *Id.* at 109, 111–12.  Under "the circumstances presented," the Second Circuit concluded that it had appellate jurisdiction because the district court "resolved the merits of [the] plaintiff's complaint" by granting a preliminary injunction and "return[ing] the case to the administrative agency for all further adjudication." *Id.* at 112–13 & n.5.  Unlike *Somoza*, this case is not an appeal from an injunction and the district court did not resolve the merits of S.S.'s complaint.

"for the [administrative law judge] to determine what remedies the [school district] owed to [the plaintiff]," and, "[b]ecause [the plaintiff] and/or [the school district] might seek review of the [administrative law judge]'s remedy determinations in district court, the district court did not make a final decision when it granted summary judgment to the [school district]." *Id.* The Tenth Circuit found that the district court's "'Final Judgment' moniker was premature" and that the order was not a "final, appealable decision." *Id.*

The Ninth Circuit reached the same conclusion in *Shapiro*. There, the plaintiff sued the school district under the Act, and the district court ruled that the school district violated the Act "but remanded the proceedings to the administrative officer with instructions to determine whether the specialized private school provided an 'appropriate' education." 152 F.3d at 1160. "When the district court entered the remand order, it also 'terminated' the action." *Id.*

The Ninth Circuit concluded that the district court "exceeded its authority in terminating the action when it remanded for further proceedings." *Id.* The Ninth Circuit explained, "Until the administrative proceedings [we]re completed, the district court w[ould] not have before it all the issues that [we]re necessary for it to render a final judgment." *Id.* at 1161. And "appellate review would not be foreclosed to any party if an immediate appeal were not allowed." *Id.* The Ninth Circuit concluded, as we do, that the appeal "must be dismissed for lack of a final, appealable order." *Id.* at 1160 (quotation omitted). We join the Ninth and Tenth Circuits

in applying the general rule to orders remanding claims under the Act to state administrative agencies for further proceedings.

The school district gives four reasons for why we shouldn't apply the general rule. None are persuasive.

First, the school district argues that we should apply the "logic" from social security cases and carve out an exception for remand orders under the Act. In social security cases, a district court order remanding a "disability benefit claim to the agency for further proceedings is a 'final judgment' for purposes of [section] 1291 and it is, therefore, appealable." *Forney v. Apfel*, 524 U.S. 266, 269 (1998).

According to the school district, the Act is "similar to the Social Security Act in that it provides a mechanism for a district court to sit as the reviewing body over a decision made by an administrative court," so we should treat remand orders the same way. But section 405(g) of the Social Security Act specifically provides that a district court reviewing a final agency decision "shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). So, even though a district court in a social security case may order a remand, the order "is a 'judgment' in the terminology of [section] 405(g)," *Sullivan*, 496 U.S. at 625, and "shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions," 42 U.S.C. § 405(g).

Remand orders under the Social Security Act are thus final by statute. The Supreme Court concluded as much in *Sullivan*, "noting that the issue before [the Supreme Court] [wa]s not the broad question whether remands to administrative agencies [we]re always immediately appealable," but whether remand orders under the Social Security Act were "immediately appealable by the Secretary." 496 U.S. at 623. In *Sullivan*, the Supreme Court's decision turned on the statutory language of section 405(g). *Id.* at 623–31; *see Forney*, 524 U.S. at 270 (*Sullivan* "focused upon a 'class of orders' that Congress had made 'appealable under [section] 1291'" and "reasoned, primarily from the language of [section] 405(g), that a district court judgment remanding a Social Security disability benefit case fell within that class").

Here, the Act does not provide that a district court's remand order for further proceedings before an administrative law judge is a final judgment. *See* 20 U.S.C. § 1415(i)(2)(A). Unlike the Social Security Act, the Act does not mention a rehearing order or say that any decision of a district court reviewing an agency decision "shall be final." *Compare id.*, *with* 42 U.S.C. § 405(g). The statutory language makes all the difference.

Second, the school district argues that we should apply an exception to the general rule because, according to the school district, the district court ordered the administrative law judge "to proceed under a certain legal standard." *See MCI Telecomms. Corp. v. BellSouth Telecomms. Inc.*, 298 F.3d 1269, 1271 (11th Cir. 2002) (quotation omitted). In *MCI*, we explained that, while the

general rule deems "remand orders from district courts to administrative agencies . . . not final and appealable," there is a "widely recognized" exception for when a district court "orders the agency to proceed under a certain legal standard." *Id.* (quotation and citation omitted). We explained that a remand order requiring the application of a "certain legal standard" is generally appealable "because the agency, forced to conform its decision to the district court's mandate, cannot appeal its own subsequent order." *Id.*

The school district argues that the district court's remand order forces the administrative law judge to apply a certain legal standard because "the district court, in applying the wrong standard of review," ordered the administrative law judge "to hold a hearing that [wa]s not legally required." According to the school district, the remand order forces the administrative law judge "to apply" the district court's "erroneous ruling" with "no discretion over whether . . . summary determination [wa]s appropriate."

But the school district misunderstands the district court's remand order. The district court did not order the administrative law judge to apply any particular legal standard. Instead, the district court remanded for "evidence [to] be presented" and "fully developed" at a due process hearing. The general rule applies where, as here, "a district court remands for further consideration of evidence." *Id.*

Third, the school district argues that we should adopt, as the Tenth Circuit has, a "practical finality" exception to the general rule and treat the district court's remand order as practically final.

*See C.W.*, 994 F.3d at 1221.  Under "the practical finality" exception, the Tenth Circuit "sometimes regard[s] a district court's remand to an agency as practically final" when the appeal involves "an important and urgent issue" that "is serious and unsettled, and not within the trial court's discretion." *Id.*  If it does, the court "proceed[s] to a 'balancing test'" that "ask[s] whether the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." *Id.* (quotation omitted).  The school district argues that this case involves "an important and urgent issue" because the district court decided a "very specific legal question, which [wa]s whether summary determination was appropriate here and, in so holding, [it] applied the wrong standard of review."

We don't need to decide whether to adopt a "practical finality" exception to the general rule because, even if we did, the school district's appeal would not meet the exception's "narrow[]" requirements. *Id.*  The standard of review issue raised by the school district is not "unsettled."  We settled it in *Loren F. ex rel. Fisher v. Atlanta Independent School System*, 349 F.3d 1309, 1313–14 (11th Cir. 2003) ("[T]he usual [rule] 56 summary judgment principles do not apply in an [Individuals with Disabilities Education Act] case."), and again in *L.J. ex rel. N.N.J. v. School Board of Broward County*, 927 F.3d 1203, 1210 (11th Cir. 2019) ("When a district court reviews an administrative decision in an [Individuals with Disabilities Education Act] case, it must make a decision based

on the preponderance of the evidence and give 'due weight' to the [administrative law judge]'s conclusions.").

Fourth, the school district argues that we should carve out an exception here because, otherwise, the school district will be precluded from obtaining appellate review of the remand order. "The district court's decision forces the administrative [law judge] to conduct a hearing, despite the fact that" the administrative law judge "already ruled that the evidence in this case [wa]s so straight-forward that all claims [could] be disposed of on a motion for summary determination," argues the school district.

But, in *Young*, we rejected the same argument.  671 F.3d at 1216.  There, the disability plan administrator argued that if we did not allow it to "immediately appeal the district court's partial summary judgment and remand order, it might be precluded from obtaining judicial review of that order or any future determination of [the plaintiff]'s entitlement to benefits."  *Id.*  We determined that "the district court retain[ed] jurisdiction . . . because no final decision ha[d] been made," so the disability plan administrator could, "following entry of a final decision in this case, request review of the partial summary judgment and remand order which it now s[ought] to review as well as any final judgment entered by the district court following the plan administrator's decision on remand." *Id.*

Here, too, the district court retains jurisdiction "because no final decision has been made." *See id.*  As the district court explained, "[a]ny party aggrieved by the decision of the

[administrative law judge] on remand [would] have the opportunity to appeal that decision in a civil action." Following entry of a final decision, the school district may "request review of . . . any final judgment entered by the district court following the [administrative law judge]'s decision on remand." *See id.*

## CONCLUSION

We conclude that remand orders from district courts to administrative agencies for further proceedings under the Act are not final and appealable under section 1291. And because the district court's remand order was not final and appealable, we lack appellate jurisdiction to review it. We dismiss the school district's appeal.

Importantly, the dismissal should not be read as approving the district court's remand order. To the contrary, the district court's application of Federal Rule of Civil Procedure 56 to review the state administrative agency's decision under the Act appears to be inconsistent with *Loren F. See* 349 F.3d at 1313 (explaining that summary judgment under the Act "is based on a preponderance of the evidence" and the "usual" rule 56 "summary judgment principles do not apply"). But, without appellate jurisdiction, we must dismiss rather than reach the merits.

**APPEAL DISMISSED.**