[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2012
JOHN LEY
CLERK

_____

No. 11-13670

_____

D.C. Docket No. 1:09-cv-21850-MGC


FELIX WAJNSTAT,

Plaintiff - Appellee,

versus

OCEANIA CRUISES, INC.,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before CARNES, BARKETT and HILL, Circuit Judges.

CARNES, Circuit Judge:

Oceania Cruises, Inc., attempts to bring this interlocutory appeal under 28

U.S.C. § 1292(a)(3), contending that the district court erred when it held that a

limitation-of-liability provision in Oceania's ticket contract was unenforceable. The district court concluded that the provision, which incorporated by reference portions of international treaties and the United States Code, was so confusing that it did not reasonably communicate to the passengers the cruise line's liability limits.

## I.

Felix Wajnstat and his wife booked a cruise on a ship owned by Oceania, which would depart from Istanbul, Turkey, stop at various Black Sea ports, and then end in Athens, Greece. During that cruise, Wajnstat became ill and sought medical attention from the ship's doctor. He eventually had to be evacuated to Sevastopol, Ukraine, where he underwent three surgeries and allegedly received substandard care.

Wajnstat then filed this lawsuit in federal district court,[1] and in his second amended complaint he claimed that Oceania negligently hired, retained, and supervised the ship's doctor. Oceania answered, and raised as an affirmative

---

[1] This case ended up in the United States District Court for the Southern District of Florida because the ticket contract included a forum-selection clause, designating that court as the correct forum for any "dispute arising out of, in connection with or incident to" the ticket contract or the cruise.

defense that its liability to Wajnstat, if any, was limited by the Athens Convention[2] as incorporated by reference into the limitation-of-liability provision in the ticket contract.  Oceania then filed a motion for partial summary judgment on its limitation-of-liability affirmative defense.

The district court applied the "reasonable communicativeness" test from Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 863–67 (1st Cir. 1983), to determine whether the non-negotiated limitation-of-liability provision was enforceable.  It concluded that the provision was not reasonably communicative because it was confusing and because it required the passengers to parse through the treaties and the statutes to determine the limits of Oceania's liability.  The court also noted that the Ninth Circuit had held a similar limitation-of-liability provision unenforceable in Wallis v. Princess Cruises, Inc., 306 F.3d 827, 837 (9th Cir. 2002).  The court denied Oceania's motion for partial summary judgment and instead granted partial summary judgment to Wajnstat on Oceania's limitation-of-liability defense.  Oceania then filed this interlocutory appeal.

---

[2] The Athens Convention is a multilateral treaty, which for the purposes of Oceania's ticket contract consists of the Athens Convention Relating to the Carriage of Passengers and Their Luggage by Sea, Dec. 13, 1974, 1463 U.N.T.S. 19, and the Protocol to the Athens Convention Relating to the Carriage of Passengers and Their Luggage by Sea, Nov. 19, 1976, 1545 U.N.T.S. 339.  The United States is not a party to the Athens Convention.  Wallis v. Princess Cruises, Inc., 306 F.3d 827, 837 (9th Cir. 2002).

II.

We must inquire into our own jurisdiction if it is possible that jurisdiction does not exist. Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1176 (11th Cir. 2009). We are generally precluded from hearing interlocutory appeals under the final judgment rule. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); Birmingham Fire Fighters Ass'n 117 v. City of Birmingham, 603 F.3d 1248, 1254 (11th Cir. 2010) ("[F]inal judgments of a district court are appealable to the United States Courts of Appeals, whereas interlocutory orders are not."). In admiralty cases, however, we have jurisdiction over interlocutory appeals "determining the rights and liabilities of the parties." 28 U.S.C. § 1292(a)(3). Both Wajnstat and Oceania contend that this appeal fits within that exception and that we, therefore, have jurisdiction.

In order for this appeal to fit within the § 1292(a)(3) exception to the final judgment rule, the district court must have determined the "rights and liabilities" of Wajnstat and Oceania when it decided that the limitation-of-liability provision in the ticket contract was unenforceable and, as a result, inapplicable. See id. In Ford Motor Co. v. S.S. Santa Irene, 341 F.2d 564, 564 (5th Cir. 1965), our predecessor court assessed its jurisdiction under § 1292(a)(3) over an interlocutory

4

appeal from a district court's determination that the limitation-of-liability provision in the Carriage of Good at Sea Act, 46 U.S.C. § 1304 (1964), applied and limited liability to $500 for each injury. The <u>Ford Motor Co.</u> decision held that the application of the limitation-of-liability provision was not an immediately appealable order under 28 U.S.C. § 1292(a)(3). 341 F.2d at 564 (citing <u>Lissner & Co. v. Oceanic Storm Navigation Co.</u>, 30 F.2d 290 (2d Cir. 1929)).

The same rule applies here. If, as <u>Ford Motor Co.</u> held, a district court does not determine the "rights and liabilities of the parties" when it decides the applicability of a statutory limitation of liability, it also does not determine the "rights and liabilities of the parties" when it determines the applicability of a contractual limitation of liability. The Ninth Circuit reached a contrary conclusion about contractual limitations of liability in <u>Wallis</u>, 306 F.3d at 834, but we are bound by <u>Ford Motor Co.</u>[3] And our conclusion here, which follows the <u>Ford Motor Co.</u> precedent, is also in keeping with our Court's narrow interpretation of § 1292(a)(3). <u>See</u> <u>Beluga Holding, Ltd. v. Commerce Capital Corp.</u>, 212 F.3d 1199, 1203 (11th Cir. 2000); <u>Sea Lane Bahamas, Ltd. v. Europa Cruises Corp.</u>, 188 F.3d 1317, 1322–23 (11th Cir. 1999).

_____

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Oceania contends that even if we do not have interlocutory jurisdiction under § 1292(a)(3), we do have it under the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26 (1949). "To qualify for this exception, an order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Young v. Prudential Ins. Co. of Am., 671 F.3d 1213, 1216 (11th Cir. 2012) (quotation marks omitted).

Putting aside the "completely separate from the merits" requirement, the district court's order fails the Cohen test because the limitation-of-liability provision is not "effectively unreviewable on appeal from a final judgment." "If [Wajnstat's] case goes forward and [Oceania] is ultimately found liable for compensatory damages, it will have an ample opportunity to test the propriety of that award before it is forced to pay." Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 498 (1st Cir. 2003). If, on the other hand, Wajnstat does not succeed, there will be no award against Oceania.

That is what concerns Oceania—the possibility of a pyrrhic victory. Oceania argues that, if it is not found liable in this case, it will be unable to appeal the district court's interlocutory ruling that the limitation-of-liability provision is

unenforceable.  See Abbs v. Sullivan, 963 F.2d 918, 924 (7th Cir. 1992) ("[A] winner cannot appeal a judgment merely because there are passages in the court's opinion that displease him—that may indeed come back to haunt him in a future case.  He can appeal only if the judgment gives him less relief than he considers himself entitled to." (citations omitted)).  Even though no court, including the issuing court will be bound by the ruling, Oceania fears that the very existence of the ruling will persuade other courts to follow it.  But so what?  If another court does follow the ruling and Oceania suffers a non-limited award of damages in some future case, it can appeal that judgment and argue the issue on appeal.  If the appellate court agrees with Oceania on the issue, it will have suffered no harm from the reiteration of the ruling.  If the appellate court disagrees with Oceania on the issue, it will have suffered nothing that it should not have.

Oceania's proposed interpretation of the Cohen "effectively unreviewable on appeal" requirement would effectively take the "require" out of requirement.  It would do so because virtually every interlocutory ruling is unreviewable on appeal if the party who suffers that ruling ultimately prevails in the trial court.  As the First Circuit has explained, if an issue that concerns a party were considered effectively unreviewable simply because that party might prevail in the district court and thereby moot the issue, "almost every pretrial or trial order might be

called 'effectively unreviewable' in the sense that relief from error can never extend to rewriting history." Espinal-Dominguez, 352 F.3d at 498 (quoting Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 872, 114 S.Ct. 1992, 1998 (1994)). The Supreme Court has "repeatedly stressed that the 'narrow' [Cohen] exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." Digital Equip., 511 U.S. at 868, 114 S.Ct. at 1996 (citation omitted); cf. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 1207 (1976) ("[Judgments] where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. [§] 1291."). Unless and until interlocutory appeals are more generally permitted, the worrisome prospect of victory in the trial court is one with which parties will have to live.

This appeal is **DISMISSED** for lack of jurisdiction.[4]

---

[4] This appeal was originally scheduled for oral argument, but under 11th Circuit Rule 34-3(f) it was removed from the oral argument calendar.