[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13483
Non-Argument Calender
_____

D.C. Docket No. 1:11-cv-21489-JAL

DEANNA FARRIS,

Plaintiff - Appellant,

versus

CELEBRITY CRUISES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 22, 2012)

Before CARNES, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Deanna Farris sued Celebrity Cruises, Inc. for personal injuries she suffered

while aboard the company's cruise ship.  The district court granted Celebrity Cruises' motion for summary judgment, concluding that Farris' suit is untimely under the contractual limitations period.  Farris appeals, contending that her suit is timely because the contractual limitations period is invalid.

## I.

Farris bought a ticket to take a cruise on a Celebrity Cruises ship.  The ticket establishes a one-year limitations period for filing a lawsuit to recover damages for any personal injuries she might suffer on the cruise:

> **10.  NOTICE OF CLAIMS AND COMMENCEMENT OF SUIT OR ARBITRATION, SECURITY:**
>
> a.  TIME LIMITS FOR PERSONAL INJURY . . . CLAIMS: NO SUIT SHALL BE MAINTAINABLE AGAINST [CELEBRITY CRUISES] . . . UNLESS . . . SUIT IS COMMENCED (FILED) WITHIN ONE YEAR (1) FROM THE DATE OF SUCH INJURY . . . , NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

The ticket also provides:  "ON CRUISES WHICH NEITHER EMBARK, DISEMBARK NOR CALL AT ANY PORT IN THE UNITED STATES, [CELEBRITY CRUISES] SHALL BE ENTITLED TO ANY AND ALL LIABILITY LIMITATIONS, IMMUNITIES AND RIGHTS APPLICABLE TO

2

IT UNDER THE 'ATHENS CONVENTION' . . . ."[1]

On May 9, 2009, Farris boarded a Celebrity Cruises ship in Amsterdam, Holland. The ship did not depart from, disembark at, or stop at any United States port during Farris' fourteen-day cruise. On May 15, 2009, Farris suffered injuries while she was on the ship. About two years later, on April 28, 2011, Farris filed a lawsuit against Celebrity Cruises to recover for those injuries, asserting claims for negligence and recklessness. Celebrity Cruises filed a motion for summary judgment. The district court granted that motion, concluding that Farris' suit is untimely because she filed it after the one-year contractual limitations period had run.

## II.

We review de novo a district court's grant of summary judgment and draw "all inferences and review[] all evidence in the light most favorable to the non-moving party." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). "Summary judgment is appropriate only if 'the movant shows that there is no

---

[1] The Athens Convention is a multilateral treaty consisting of the Athens Convention Relating to the Carriage of Passengers and Their Luggage by Sea, Dec. 13, 1974, 1463 U.N.T.S. 19, and the Protocol to the Athens Convention Relating to the Carriage of Passengers and Their Luggage by Sea, Nov. 19, 1976, 1545 U.N.T.S. 339. The Athens Convention provides that "[a]ny action for damages arising out of the . . . personal injury to a passenger . . . shall be time-barred after a period of two (2) years." 1463 U.N.T.S. at 25. The United States is not a party to the Athens Convention. Wajnstat v. Oceania Cruises, Inc., — F.3d —, No. 11-13670, 2012 WL 2332841, at *1 n.2 (11th Cir. June 20, 2012).

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

The statute of limitations for a maritime tort claim is three years. See 46 U.S.C. § 30106. It is well established, though, that parties may agree to shorten a statutory limitations period, "provided that the shorter period itself [is] reasonable" and there is "no controlling statute to the contrary." Order of United Commercial Travelers of Am. v. Wolfe, 331 U.S. 586, 608, 67 S.Ct. 1355, 1365 (1947). Congress has precluded the owner of a "vessel transporting passengers . . . between ports in the United States, or between a port in the United States and a port in a foreign country" from contracting for a limitations period for maritime personal injury claims that is "less than one year after the date of the injury." 46 U.S.C. § 30508(b)(2).

Although Farris filed her lawsuit after the one-year contractual limitations period had run, she contends that her suit is timely because, under her interpretation of 46 U.S.C. § 30508(b)(2), parties may not contractually shorten the three-year statute of limitations contained in 46 U.S.C. § 30106 unless the ship at issue entered a United States port. She argues that the three-year statute of limitations applies because the cruise ship on which she traveled never entered a United States port. Farris alternatively argues that, even if the three-year statute of

4

limitations does not apply, the two-year limitations period provided for by the Athens Convention applies because the ticket references that treaty. And because she filed her suit within two years of suffering her injuries, her suit is timely.

Neither of Farris' arguments is persuasive. First, Farris misreads 46 U.S.C. § 30508(b)(2). Parties are generally allowed to contract for a shorter limitations period than that provided by statute, see Order of United Commercial Travelers of Am., 331 U.S. at 608, 67 S.Ct. at 1365, and 46 U.S.C. § 30106, which establishes the three-year statute of limitations for maritime torts, does not prohibit parties from contractually shortening that limitations period. Nor does 46 U.S.C. § 30508(b)(2). The plain language of that statutory provision provides that a cruise-ship owner cannot shorten the limitations period to less than one year if the cruise ship entered a United States port. See 46 U.S.C. § 30508(b)(2). It does not mean, as Farris argues, that parties may not contractually shorten the statutory limitations period if the cruise ship does not enter a United States port.

Second, Farris' reliance on the Athens Convention is misplaced. The ticket provides that Celebrity Cruises, not Farris, is entitled to rights under the Athens Convention. And, although that treaty establishes a two-year limitations period for personal injuries, see 1463 U.N.T.S. at 25, the ticket does not incorporate that limitations period. Instead, it establishes a one-year limitations period

5

"NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY."

Because there is no "controlling statute to the contrary," Order of United Commercial Travelers of Am., 331 U.S. at 608, 67 S.Ct. at 1365, and because Farris has not argued that the ticket's one-year limitations period is unreasonable, see id., that limitations period is valid and governs Farris' suit against Celebrity Cruises.  Farris filed her suit after the limitations period had run, so her suit is barred.

   **AFFIRMED.**