[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10854
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00313-MW-CAS


BOBBY L. MAGWOOD,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
MARSHA NICHOLS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 15, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Bobby Magwood appeals the district court's dismissal of his claim of deliberate indifference towards his medical needs, brought under 42 U.S.C. § 1983 against Dr. Olugbenga Oqunsanwo, Dr. Rummel,  Marsha Nichols, Richard Comerford, J. Haas, and Michael Crews.[1]

## I.

On appeal, Appellees argue that we lack jurisdiction to hear Magwood's appeal because Magwood appealed from a non-final order that did not qualify as an interlocutory appeal and should not qualify under the *Jetco* exception for finality  *Jetco Elec. Indus. v. Gardiner*, 473 F.2d 1228 (5th Cir. 1973).  Appellees argue that *Jetco's* exception should not apply because, although a series of orders did effectively terminate Magwood's litigation, Magwood effectively voluntarily dismissed his remaining claim by failing to prosecute.  Additionally, his remaining claim was dismissed without prejudice.

We have an obligation to review whether we have jurisdiction at any point in the appellate process.  *Wajnstat v. Oceania Cruises Inc.*, 684 F.3d 1153, 1155 (11th Cir. 2012).  When "evaluating whether a district court's order is final and appealable" we look at "the substance of the order" rather than the label.  *Young v. Prudential Ins. Co. of Am.*, 671 F.3d 1213, 1215 (11th Cir. 2012).  We have held that when a complaint is involuntarily dismissed without prejudice and the plaintiff

---

[1]    Magwood's request for a court-appointed attorney is DENIED.

2

may, but elects not to, amend, the order is an adjudication on the merits under Federal Rule of Civil Procedure 41(b). *Robinson v. Federal Nat'l Mortg. Asso.*, 673 F.2d 1247, 1249 (11th Cir. 1982). When the district court dismisses only some of the claims in a case, a plaintiff generally cannot voluntarily dismiss the remaining claims without prejudice to create a final decision. *Mesa v. United States*, 61 F.3d 20, 22 (11th Cir. 1995). However, when the district court "dismisses a complaint with leave to amend within a specified period" it becomes final when the given time period for amendment expires. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 (11th Cir. 2006) (quotation omitted). A plaintiff does not need to wait for the amendment period to expire to appeal. *Id.* When a plaintiff chooses to appeal rather than amend, he waives his right to later amend the complaint. *Id.* at 1260-61.

The district court's order was a final adjudication on the merits with leave to amend because the district court expressly dismissed Magwood's complaint against every defendant and permitted Magwood to amend his complaint against one defendant. *See Garfield*, 466 F.3d at 1260. This order was immediately appealable and, once he did appeal, Magwood waived his right to amend. *Id.* at 1260-61. Therefore, we have jurisdiction.

II.

On appeal, Magwood argues that the district court incorrectly granted Appellees' motions for dismissal for failure to state a claim. He asserts that he had a serious medical issue while at Santa Rosa Correctional Institution, of which Appellees were aware. Additionally, he argues that Dr. Rummel, Comerford, and Dr. Oqunsanwo were aware of his concerns and had apparent authority over Nichols.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). A motion to dismiss is only appropriate when "the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." *Id*. However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations, quotations, and alteration omitted). "Factual

4

allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1965. Therefore, a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation omitted). A district court may properly dismiss a complaint if it rests only on "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In the case of a *pro se* action, however, "the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, when considering a motion to dismiss, the district court should limit its consideration to the pleadings and attached exhibits. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

When a district court dismisses a complaint with leave to amend and the plaintiff chooses to appeal rather than amend his complaint, the plaintiff has waived his right to later amend his complaint. *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). We have explained that such a rule "averts the possibility of uncertainty as to whether the dismissal of a complaint constitutes a final judgment," "protects the plaintiff by putting in his hands the decision of

whether or not to treat the dismissal of his complaint as final," and "simultaneously limits [the plaintiff's] ability to manipulate the rules." *Id*. at 445-46. "A plaintiff who declines to amend his complaint after being so directed by the court is in the same position as one who declines to exercise his permissive right to amend," that is, "there is nothing left for the district court to do," and the order becomes final. *Van Poyck v. Singletary*, 11 F.3d 146, 149 (11th Cir. 1994).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). The medical treatment provided to an inmate violates the Eighth Amendment when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotations omitted). Mere negligence or malpractice, however, does not rise to the level of a constitutional violation. *Id.*

To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) deliberate indifference to that need on the part of the

defendant; and (3) causation between the defendant's indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A serious medical need is a medical condition that "has been diagnosed by a physician as mandating treatment," a condition that is "so obvious that even a lay person would easily recognize the necessity," or a condition that is worsened by a delay in treatment. *Id.* at 1307. However, it must be a condition that "poses a substantial risk of serious harm." *Id.* Previously, we have considered asthma a serious medical condition when an inmate had clear symptoms. *See Adams v. Poag*, 61 F.3d 1537, 1540-43 (11th Cir. 1995). However, high blood pressure may not be a serious medical condition. *See Brown v. Hughes*, 894 F.2d 1533, 1538 n.4 (11th Cir. 1990) (*citing Dickson v. Coleman*, 569 F.2d 1310, 1311 (5th Cir. 1978)).

Additionally, a simple difference of medical opinion as to the appropriate diagnosis or course of treatment does not rise to the level of deliberate indifference. *Harris*, 941 F.2d at 1505. The inmate must show that the public official acted with an attitude of "deliberate indifference" by demonstrating three facts: (1) the defendant had subjective knowledge of a risk of serious harm; (2) the defendant disregarded that risk; and (3) the defendant's conduct was more than mere negligence. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Conduct that is more than mere negligence includes: (1) knowledge of a serious medical need and a failure or refusal to provide care; (2) delaying treatment for

7

non-medical reasons; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). There can be a valid Eighth Amendment claim when a prison intentionally interferes with a prisoner's proscribed treatment. *Brown*, 387 F.3d at 1351 (11th Cir. 2004).

"Supervisory officials are not liable under section 1983 on the basis of *respondeat superior* or vicarious liability." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994) (quotation omitted). Under § 1983, liability attaches to a supervisor only if the supervisor personally participated in the events, or if there is a causal connection between the action of the supervising official and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). However, "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation," and he can be liable when he does not do so. *Id*.

Under the Prison Litigation Reform Act ("PLRA"), inmates are not allowed to recover monetary damages in a civil suit without first showing a physical injury or the commission of a sexual act. 42 U.S.C. § 1997e(e). However, we have held that § 1997e does not bar nominal damages when there is no showing of a physical injury. *Brooks v. Powell*, 800 F.3d 1295, 1307-08 (11th Cir. 2015) (holding that

nominal damages were available in an Eighth Amendment failure to protect claim).

Additionally, when a *pro se* plaintiff has not requested nominal damages

specifically in his complaint, in light of the liberal construction afforded *pro se*

pleadings, a district court should consider whether such damages are recoverable

before dismissing a complaint. *See Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11th

Cir. 2003).

The district court erred in dismissing Magwood's complaint against Nichols.

Magwood sufficiently alleged that he had a serious medical condition. *See Adams*,

61 F.3d at 1540-43. Additionally, Magwood alleged that Nichols affirmatively

removed him from necessary medications, which may show deliberate

indifference. *See Brown*, 387 F.3d at 1351. Moreover, while Magwood did not

show that he was injured, nominal damages may be available. *See* 42 U.S.C.

§ 1997e(e); *Brooks,* 800 F.3d 1295 at 1307-08. Although Magwood's complaint

did not specifically request nominal damages, he did request appropriate relief

generally, and the district court should consider whether nominal damages are

available under his original complaint. *See Hughes*, 350 F.3d at 1162-63.

Therefore, the district court erred in granting a motion to dismiss regarding

Nichols, because Magwood stated a claim upon which relief may be granted.

However, the district court did not err in granting the motions to dismiss

regarding the other defendants. Magwood did not allege that any of these

9

defendants were directly involved in his medical care and, instead, relied on their authority over Nichols and their supervisory positions.  Supervisors are only liable if there is a casual connection between their actions and the injury, and nothing in Magwood's complaint alleges that they personally participated in his medical care. *See Crawford*, 906 F.2d at 671.  Additionally, although Magwood's complaint links several of these defendants to the grievances he submitted, his complaint does not explain how many grievances were sent, what the grievances stated, or why attending the jail's sick-call was an inadequate remedy.  Therefore, because Magwood did not show, beyond a speculative level, a causal connection between these defendants and his allegedly inadequate medical care, the district court did not err in granting a motion to dismiss regarding them.  *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65*; see also Crawford*, 906 F.2d at 671.

**AFFIRMED IN PART, REVERSED IN PART.**