[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14993
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-23885-BB

ERIKA ROBERTS,

Plaintiff - Appellant,

versus

CARNIVAL CORPORATION,
d.b.a. Carnival Cruise Line,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

On its own motion, the Court vacates its prior opinion in this case, filed July 28, 2020, and substitutes the following opinion in its place.[1]

Erika Roberts appeals the dismissal of her lawsuit against Carnival Corporation ("Carnival") to recover damages for injuries she suffered after slipping and falling on a Carnival cruise ship. The district court granted Carnival's motion to dismiss, concluding that a one-year contractual limitations period for personal injury claims that was contained in Roberts's ticket contract barred the lawsuit. Seeking reversal, Roberts argues that the court erred by going outside the four corners of the complaint to grant Carnival's motion and by concluding that the time limit in the ticket contract was enforceable.

## I.

Ordinarily, the district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint and its attachments. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002). So the court is ordinarily barred from considering facts not alleged in the complaint or documents attached to a motion to dismiss. *See id.* But an exception to this rule applies if a document attached to the complaint is "referred to in the complaint, central to the plaintiff's

---

[1] Appellee Carnival Corporation's Motion for Reconsideration is **GRANTED** to the extent that the Court will consider the arguments raised therein. The motion is **DENIED** to the extent Appellee seeks to file a response brief out-of-time.

claim, and of undisputed authenticity." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018); *see Day*, 400 F.3d at 1276.

In granting Carnival's motion to dismiss, the district court applied this exception to rely on two documents that were attached to that motion: (a) the ticket contract containing the one-year limitations period for claims of personal injury; and (b) an "acceptance report" indicating that Roberts had received a copy of the ticket contract before boarding the cruise ship. The court noted that the authenticity of the ticket contract was undisputed. And "[b]ecause Plaintiff's claims are rooted in personal injury," the court explained, "the Ticket Contract is central to Plaintiff's claims based on its language." The court did not further explain what it meant by this or offer any explanation for considering the acceptance report.

Roberts argues that the district court improperly considered matters outside the complaint without converting the motion to dismiss into a motion for summary judgment. We agree. The ticket contract is not central to her claims because it is not a necessary or essential part of Roberts's effort to show that she was injured due to Carnival's negligence.[2] *See Day*, 400 F.3d at 1276 (concluding that a contract was central to the plaintiffs' claim because it was a "necessary part of their effort to make out a claim that the relationship between U-Haul and its independent dealers

---

[2] Although it appears Roberts initially may have intended to attach a "Ticket" as an exhibit to the complaint, as Carnival noted below, we cannot rely on that fact because she ultimately did not attach the ticket contract to her complaint.

is not a genuine agency, but a sham agency," which was at "the very heart" of the plaintiffs' claim). As for the acceptance report, it was neither relevant to her negligence claims nor referenced in the complaint. *See Hi-Tech Pharm.*, 910 F.3d at 1189.

Carnival's arguments in response are unpersuasive. First, Carnival offers no legal support or reasoning for its assertion that a contractual limitations period is a "condition precedent" to suit.[3] Nor does it make much sense to describe a limitations period as a condition that must occur before a suit can be maintained. And we fail to see why the fact that the limitations period being is contractual as opposed to statutory makes the ticket contract any more central to Roberts's claims. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) ("There is no essential difference between contractual and statutory limitations.").

Second, Carnival's claim that it had no duty to Roberts "but-for her passage, which would not have occurred but-for the Ticket Contract," while technically correct, does not convince us that the terms of the contract itself are central to her claim. The only relevant provisions in the contract that Carnival has identified are the forum-selection clause and the limitations provision, which do not concern the

---

[3] The cases Carnival cites for this assertion do not describe a contractual limitations period as a condition precedent. In fact, the words "condition" or "precedent" do not appear in *Farris v. Celebrity Cruises, Inc.*, 487 F. App'x 542 (11th Cir. 2012). And the district court's discussion of "conditions precedent" in *Cigainero v. Carnival Corporation*, 426 F. Supp. 3d 1299, 1306–07 (S.D. Fla. 2019), concerned a contractual provision that required the plaintiff to give pre-suit notice to the cruise line, not one that established a limitations period for the filing of a lawsuit.

merits of Roberts's negligence claims against Carnival.  And in our view, the mere fact that the ticket contract may be relevant evidence—tending to show that Roberts was a valid passenger to whom Carnival owed a duty of care—is not alone enough to show that it was central to her claims.  *See Hi-Tech Pharm.*, 910 F.3d at 1189.

Because it appears that the ticket contract and acceptance report have little to do with the substance of Roberts's claims against Carnival, they were not "central" to her claims such that these documents could be considered through a motion to dismiss.  *See Day*, 400 F.3d at 1275–76.  Accordingly, the district court erred by considering matters outside the complaint without converting the motion to dismiss into one for summary judgment.

## II.

Alternatively, even assuming the district court properly considered the ticket contract—but not the acceptance report, for which no valid reason has been offered—at the motion-to-dismiss stage, dismissal for failure to state a claim on contractual-limitations grounds was not appropriate because it is not "apparent from the face of the complaint that the claim is time-barred."  *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018).

We review *de novo* an order granting a motion to dismiss on limitations grounds, accepting the allegations in the complaint as true and construing all reasonable inferences in the plaintiff's favor.  *La Grasta v. First Union Sec., Inc.*,

358 F.3d 840, 845 (11th Cir. 2004).  "A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint."  *Id.*  (quotation marks, ellipsis, and alterations omitted).  As a result, "[a] dismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  *Hunt*, 887 F.3d at 1085.  When valid, a contractual limitations period works the same as a statutory limitations period.  *Chang v. Carnival Corp.*, 839 F.3d 993, 996 n.3 (11th Cir. 2016).

Maritime tort claims like Roberts's are subject to a default limitations period of three years.  46 U.S.C. § 30106.  But the statute does not prohibit contracts setting shorter limitation periods.  *Id.*; *see Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107 (2013) (absent a statutory prohibition of such agreements, parties may set a shorter limitations period by contract than is provided in the applicable statute of limitations).  And under 46 U.S.C. § 30508(b)(2), cruise lines may set a contractual time limit of no less than one year for bringing a personal-injury action.

For a contractual limitations period to be enforceable, it must have been "reasonably communicated to the passenger."  *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1367 (11th Cir. 2018).  We apply a two-factor test for reasonable communication, which evaluates (1) "the physical characteristics of the clause" and

(2) "the passenger's opportunity to become meaningfully informed of the contract terms." *Id.*

The first factor is limited to a review of the contract itself. *See, e.g.*, *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1245–46 (11th Cir. 2012) (reviewing the physical characteristics of the contract); *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1282 (11th Cir. 2009) (same). Courts consider the size, placement, font, and readability of the limitations-period clause, among other objective characteristics. *See id.*

But the second factor takes into account facts beyond the contract. This factor "focuses on the subjective circumstances attending a particular plaintiff's opportunity to review the ticket terms before embarkation." *Ward v. Cross Sound Ferry*, 273 F.3d 520, 525 (2d Cir. 2001) (quotation marks omitted); *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 866 (1st Cir. 1983) (the second factor includes analysis of "any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake"). In *Myhra*, for example, we relied on invoices that the cruise line sent to the plaintiffs which directed them to the terms and conditions of the contract. *Myhra*, 695 F.3d at 1246.

Here, the district court erred by resolving the limitations issue through a motion to dismiss. While Roberts did not dispute the authenticity of the ticket contract, she contended that the one-year contractual limitations period was not

enforceable because it had not been reasonably communicated to her. That issue cannot be resolved on the face of the ticket contract alone, because the reasonable communicativeness test depends not only on the contract itself but also on extrinsic factors relating to "the subjective circumstances attending a particular plaintiff's opportunity to review the ticket terms before embarkation." *Ward*, 273 F.3d at 525; *Shankles*, 722 F.2d at 866. Roberts was not afforded the opportunity to submit evidence relevant to the second factor of that test. Nor was she required to anticipate and rebut the limitations defense in her complaint, which was silent as to these matters. *See La Grasta*, 358 F.3d at 845.

Carnival responds that matters outside of the ticket contract are not relevant because the reasonable communicativeness test does not depend on whether Roberts in fact read the limitations provision and was aware of it. We agree that whether Roberts read "the terms and conditions is not relevant to the reasonable communicativeness inquiry." *Myhra*, 695 F.3d at 1246 n.42. But Carnival's argument that we can rely on the contract alone effectively collapses the test into a single factor. And our precedent clearly requires an evaluation of "the passenger's opportunity to become meaningfully informed of the contract terms," *Caron*, 910 F.3d at 1367, which necessarily means that we consider facts outside of the contract itself. As noted above, the complaint is silent as to these extrinsic matters. Because the limitations issue cannot be resolved from the face of the complaint and the ticket

8

contract, the district court erred in granting Carnival's motion to dismiss Roberts's claims as time barred. *See Hunt*, 887 F.3d at 1085.

For these reasons, we vacate the order granting Carnival's motion to dismiss and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**