152 F.3d 1060
 135 Lab.Cas. P 33,718, 4 Wage & Hour Cas.2d
(BNA) 1624,
98 Cal. Daily Op. Serv. 6559,
98 Daily Journal D.A.R. 9083
 UNITED STATES of America ex rel., Plaintiff,
and
Plumbers and Steamfitters Local Union No. 342, and Doyle
Williams, Plaintiffs-Appellants,
v.
DAN CAPUTO CO.; D.W. Nicholson Corp.; Richard R. Rolla;
Alex Groswird; Mary Cooper; John Lewis
Nicholson, and Florence L. Johnson,
Defendants-Appellees.
 No. 96-16563.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 12, 1998.
Submission Vacated Feb. 24, 1998.
Resubmitted May 28, 1998.
Memorandum Decided June 3, 1998.
Order and Opinion Decided Aug. 24, 1998.
 
 John J. Davis, Jr., McCarthy, Johnson and Miller, San Francisco, California, for plaintiffs-appellants.
 Stephen C. Tedesco, Littler Mendelson, San Francisco, California, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California; J. Spencer Letts, District Judge, Presiding. D.C. No. CV-95-00684-JSL.
 Before: D.W. NELSON, REINHARDT, and WIGGINS, Circuit Judges.
 ORDER
 The memorandum disposition filed on June 3, 1998 is redesignated as per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 The district court dismissed the Union's False Claims Act complaint in order to allow the Department of Labor to "make[ ] its findings on the particular facts of this case, and rule[ ] on whether these defendants misclassified their employees for the purposes of the Davis-Bacon Act." In accordance with our request, the Department filed with the court a status report and supplemental status report. These reports indicate that as of December 31, 1997 the Department completed all investigations into the classifications at issue in this case and concluded that no practice prevailed with respect to the proper classification of the work performed. The Union, however, has moved for reconsideration of this determination, and the Department now represents that a final ruling will be issued by early September of 1998.
 
 
 2
 The Union contends that district court's dismissal of the complaint without prejudice was incorrect because deferral to the Department was improper and because, in any event, the action should have been stayed rather than dismissed. On the issue of deference we agree with the district court that the Department should in the first instance determine how a particular type of work is classified for the purposes of wage determinations. Regulations under the Davis-Bacon Act set forth procedures for the administrative resolution of classification disputes. See 29 C.F.R. §§ 5.6(a)(3) and 5.11. Accordingly, deferral to the Department with respect to classification determinations is proper under the doctrine of primary jurisdiction. See United States ex rel. Windsor v. DynCorp, Inc., 895 F.Supp. 844, 852 (E.D.Va.1995) ("To permit [plaintiff's] claim to go to a jury would result in bypassing the carefully crafted administrative scheme for resolving Davis-Bacon Act classification disputes."); United States v. General Dynamics Corp., 828 F.2d 1356, 1365 (9th Cir.1987) ("[P]rimary jurisdiction doctrine is ... essentially concerned with ensuring that administrative bodies possessed of both expertise and authority delegated by Congress pass on issues within their regulatory authority before consideration by the courts.").
 
 
 3
 Once the final ruling is made on whether a prevailing practice exists, or how the work at issue should be properly classified, however, we do not believe it necessary for the district court to defer to the Department on whether the Contractors misclassified their employees. While the Department maintains that it will resolve the general classification issue within a reasonable time--by early September of this year--it has not indicated that it intends to make a ruling whether misclassification occurred in connection with this case. In fact, on the belief that the general classification issue was settled, it has twice maintained that it would take no further action on the matter. To invoke the doctrine of primary jurisdiction on an issue that an agency may never decide would postpone the resolution of the Union's claim indefinitely.[1] Accordingly, deferral to the Department is proper here only with respect to the resolution of how particular types of work should be classified but not with respect to whether the Contractors misclassified their employees.
 
 
 4
 The district court was incorrect to dismiss the case rather than to stay it pending the Department's findings. A stay is proper when "a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated." United States v. Henri, 828 F.2d 526, 528 (9th Cir.1987) (internal quotations omitted) (reversing dismissal based on deference to agency under primary jurisdiction doctrine and remanding with orders to grant stay). We also note that because this court has not clearly adopted the doctrine of equitable tolling in primary jurisdiction cases, there is a possibility that the Union would be unfairly disadvantaged by the district court's order of dismissal. See Reiter v. Cooper, 507 U.S. 258, 268-69, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993) ("[The district court] has discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice.").
 
 
 5
 Accordingly, we reverse and remand with instructions to the district court to stay the action until the Department makes a final adjudication of the motion for reconsideration on the Department's decision dated December 31, 1997.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 [1]
 According to the status report, the Union's counsel requested the Department to take enforcement action on the alleged misclassifications on February 25, 1995