# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-7062**

**September Term, 2021**

FILED ON: FEBRUARY, 11, 2022

COREY D. SORRELL,

                APPELLANT

v.

PAIGE INDUSTRIAL SERVICES, INC.,

                APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-02004)

---

Before: PILLARD and WALKER, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

Corey Sorrell sued his employer, Paige Industrial Services, alleging that it discriminated against him based on his race and retaliated against him when he complained of that discrimination. The district court dismissed the case on summary judgment. We affirm.

**I**

Lacking direct evidence of discrimination, Appellant must rely on the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–06 (1973), in making his discrimination claim. Appellant asserts that as an African-American, he was paid less than similarly situated white employee electricians. Appellee, his employer, responds that Appellant was not similarly situated to those employees because Appellant was not an electrician but an electrician's "helper" since he lacked the relevant experience and qualifications of those employees. Appellee adds that once Appellant started an apprenticeship program administered by Independent Electrical Contractors, Appellee paid Appellant a prorated electrician's wage that scaled with his progress in the program and would have paid him a full electrician's wage had Appellant

1

not left the company prior to completing his apprenticeship. Appellee argues that it follows that Appellant's claim only relates to his employment prior to the start of his apprenticeship.

In response, Appellant contends that Appellee violated the Davis-Bacon Act, which Appellant argues requires employers to pay a uniform minimum wage based on work performed, not formal title. *See* 29 C.F.R. § 2.152(b). Appellant elaborates that since he was performing electrical work, he should have been paid as an electrician despite his formal title as a helper, and that Appellee's refusal to do so violated the Davis-Bacon Act. He argues that this violation demonstrates that Appellee's qualifications rationale was mere pretext for racial discrimination.

But the problem with Appellant's reliance on the Davis-Bacon Act is that the Department of Labor has primary jurisdiction to determine whether Appellee violated the Davis-Bacon Act. 29 C.F.R. § 5.11; *United States v. Dan Caputo Co.*, 152 F.3d 1060, 1062 (9th Cir. 1998); *United States ex rel. Windsor v. DynCorp, Inc.*, 895 F. Supp. 844, 851–52 (E.D. Va. 1995). And in at least one case, a court went even further and held that the Department has *sole* responsibility for resolving classification disputes under the Davis-Bacon Act. *United States ex rel. Windsor*, 895 F. Supp. at 852. Regardless, since Appellant did not first bring his Davis-Bacon claim before the Department of Labor to resolve, the district court was correct to refuse to consider Appellant's claim in the first instance.[1]

Appellant's efforts to evade the Department's jurisdiction do not succeed. First, relying on dicta from *United States ex rel. Windsor*, Appellant argues that the Department of Labor need not be involved because the issue here is not a complex one that requires the expertise of the Department. The *Windsor* dicta is inapplicable. The court explained that if the False Claims Act claim in that case were one of simple misrepresentation regarding amount or frequency of wages that did not implicate the Davis-Bacon Act's interpretation or application, there might not have been a need to defer to the Department of Labor for purposes of a False Claims Act claim. *See* 895 F. Supp. at 852–53. But that was not the situation in *Windsor*, nor is it here; properly classifying Appellant under the Davis-Bacon Act requires an understanding of how the statutory scheme classifies workers like Appellant who performed a mix of electrical work and manual labor. That is well within the province of the Department of Labor and not subject to simple judicial resolution.

Second, Appellant argues that the Appellee waived the primary jurisdiction argument by only raising it in its response to Appellant's cross motion for partial summary judgment. That misapprehends our forfeiture and waiver doctrine. The district court decided to consider the argument, and Appellant has not argued that decision was an abuse of the district court's discretion to do so.

## II

Appellant does not support his retaliation claims. Appellant asserts that Appellee retaliated against

---

[1] Even if the Appellee violated the Davis-Bacon Act by misclassifying Appellant, Appellee apparently also misclassified another employee who is white by not classifying that employee as an electrician until he completed his Independent Electrical Contractors apprenticeship. So even assuming that Appellee violated the Davis-Bacon Act, Appellee would have violated the Act for both white and black employees, suggesting that any asserted violation was not racially motivated.

him by not sending his work history to his next employer, assigning him to lower paying jobs in Baltimore rather than better jobs in the District of Columbia, and subjecting him to more frequent drug testing than other employees.[2]  Yet the Appellant did not produce any evidence contrary to Appellee's explanation that the failure to send him his work history was the result of anything but a clerical mistake.  And at any rate since Appellant was able to get the same work history from his apprenticeship program, Appellant cannot show that, even if intentional, Appellee's failure to send his work history rose above a "petty slight or minor annoyance" to be a "materially adverse action" that "would dissuade a reasonable worker from making or supporting a charge of discrimination." *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013) (cleaned up).  Appellant also did not produce any evidence that Appellee could have assigned him to better jobs or of how much those jobs would have paid.  Nor did Appellant produce any evidence of how often he or others were drug tested, rendering it impossible for the court to determine if there was even a difference in drug testing rates.

For these reasons, we affirm.

* * *

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Michael C. McGrail
Deputy Clerk

---

[2] In his complaint Appellant argued that Appellee also retaliated by threatening him with termination but did not address this claim in his briefing before us.

3